UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAJI PIERCE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>EAST BAY MUNICIPAL UTILITY DISTRICT, et al.,<br><br>        Defendants. | Case No.  21-cv-04325-AGT<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 61 |

      After plaintiff Ayriel Bland resigned from EBMUD, she worked for Axiom Global, Inc., and then for Cepheid, her current employer. EBMUD recently subpoenaed Axiom and Cepheid for documents related to Bland's employment. Bland objects to both subpoenas.

      Some of the documents that EBMUD seeks—i.e., Bland's job applications and her employment agreements—are relevant. They will indicate when Bland applied and started working for Axiom and Cepheid, which may be relevant to mitigation. The employment agreements may also reveal whether Bland's positions at Axiom and Cepheid were comparable to her position at EBMUD, which may be relevant to damages. If, and only if, Bland doesn't have these records, EBMUD may seek them from Axiom and Cepheid. If Axiom or Cepheid has its own objections to producing these documents (Bland's objections, based on privacy and relevance, are overruled) Axiom, Cepheid, or both may raise those objections in a joint statement with EBMUD.

      EBMUD also seeks recruitment communications between Bland and Axiom, and between Bland and Cepheid. The former may reveal when Bland started looking for a new job after leaving EBMUD, which is relevant to mitigation. EBMUD may seek those communications from Bland; and if Bland doesn't have them, the Court will allow EBMUD to seek them from Axiom. (If Axiom

has its own objections to producing its recruitment communications, it may raise them in a joint statement with EBMUD.) EBMUD hasn't persuasively explained why Bland's recruitment communications with Cepheid, on the other hand, are relevant. Cepheid need not produce those communications.

All other documents at issue—i.e., Axiom's and Cepheid's reviews of Bland's job interviews and job performance, and Axiom's and Cepheid's notices to Bland, if any, of commendation, warning, discipline, or termination—have limited, if any, relevance to the claims and defenses in this case. Bland's employment at EBMUD, not her performance in jobs after she left EBMUD, is what's at issue. Discovery of these performance records, especially from her current employer, may also unduly annoy and embarrass Bland. Axiom and Cepheid need not produce these records.

**IT IS SO ORDERED.**

Dated: October 12, 2022

Alex G. Tse
United States Magistrate Judge