UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAJI PIERCE, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>EAST BAY MUNICIPAL UTILITY DISTRICT, et al.,<br><br>        Defendants. | Case No. 21-cv-04325-AGT<br><br>**ORDER ON MOTION TO SEAL**<br><br>Re: Dkt. No. 107 |

Plaintiffs' motion to seal is granted in part and denied in part.

1. The motion is granted as to the emails plaintiffs attached as exhibits 30 and 31 to Saji Pierce's declaration. *See* Dkt. 92-3 at 1–5. These emails are plausibly privileged, and "[c]ourts have accepted attorney-client privilege . . . as [a] sufficient justification[] for sealing, even under the higher 'compelling reason' standard." *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3067783, at *3 (N.D. Cal. Mar. 16, 2018) (collecting cases).

2. The motion is denied as to the D. Jan Duffy declaration plaintiffs filed (and then asked the Docket Clerk to lock) at Dkt. 94. Portions of the declaration may "reference[] deposition testimony that was designated as confidential," dkt. 111 at 2, but that designation isn't a "compelling reason" for sealing the testimony at the summary judgment stage. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (simplified).

By March 3, 2023, plaintiffs must file a public version of the Dkt. 94 Duffy declaration.

**IT IS SO ORDERED.**

Dated: February 24, 2023

Alex G. Tse
United States Magistrate Judge