UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAJI PIERCE, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>EAST BAY MUNICIPAL UTILITY DISTRICT, et al.,<br><br>    Defendants. | Case No. 21-cv-04325-AGT<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 143–152 |

  The Court issues these rulings on the parties' motions in limine.

  **A. Plaintiffs' Motions in Limine**

  <u>MIL No. 1</u>: The Court denies Saji Pierce's motion to exclude all evidence of her reproductive health. Defendants "intend only to make limited use" of this evidence, dkt. 146 at 9, and the evidence may be relevant to Pierce's demand for emotional-distress damages. *See Smith for J.L. v. Los Angeles Unified Sch. Dist.*, No. 16-CV-2358-SS, 2018 WL 6137133, at *2 (C.D. Cal. Feb. 13, 2018) ("A party may seek to challenge a claim for emotional distress damages by offering evidence of other stressors in a plaintiff's life."). Pierce hasn't persuaded the Court that the probative value of this evidence will be substantially outweighed by the risk of unfair prejudice, delay, or confusion of the issues.

  As for Pierce's procedural argument, the Court isn't convinced that defendants improperly obtained Pierce's medical records. Defendants subpoenaed Kaiser for the records, and Pierce didn't ask the Court to quash any part of that subpoena. Nor did defendants breach the

parties' stipulated agreement, under which defendants didn't waive their right "to seek medical records from additional providers that [were] later identified through discovery as having potentially relevant information to the claims or defenses." Dkt. 146 at 64 ¶ 8.

*MIL No. 2*: The Court denies as moot plaintiffs' motion to preclude Dr. Minkin from testifying. Defendants have agreed not to call Dr. Minkin as a witness. *See* Dkt. 148 at 8.

*MIL No. 3*: The Court denies plaintiffs' motion to exclude "any reference, evidence, questions or testimony regarding [plaintiffs'] involvement, participation, or engagement with publicity about this case." Dkt. 149 at 2. As defendants correctly note, if plaintiffs "make statements at trial that are inconsistent with statements they made to the news media," the latter statements "would be proper impeachment evidence." *Id.* at 6. At this point, the Court isn't convinced that the probative value of this potential impeachment evidence will be substantially outweighed by the risk of unfair prejudice, delay, or confusion of the issues.

*MIL No. 4*: The Court denies without prejudice plaintiffs' motion to exclude Doug Linney and John Coleman from testifying. Defendants "do not presently intend to call either witness at trial." Dkt. 151 at 5. If defendants change course, plaintiffs may renew their motion.

*MIL No. 5*: The Court grants plaintiffs' motion to exclude all references to Ayriel Bland's income and compensation after September 20, 2021, and to exclude all references to Pierce's husband's income or compensation. Bland has admitted that after September 20, 2021, she "fully mitigated her economic damages." Dkt. 152 at 2. The Court thus agrees that "any reference to [Bland's] income or compensation after that time has no probative value." *Id.* As for Pierce's husband, defendants haven't persuaded the Court that his income or compensation is relevant; and to the extent it is, the Court concludes that the relevance is substantially outweighed by the risk of unfair prejudice.

    **B.**    **Defendants' Motions in Limine**

*MIL No. 1*: The Court grants in part and denies in part defendants' first motion in limine. If Pierce intends to testify that, as early as 2015, Craig Spencer treated her and other attorneys of color differently from "all of the white employees," dkt. 143 at 6 (simplified), the Court will

permit that testimony under a "continuing violation" theory. *Dominguez v. Washington Mutual Bank*, 168 Cal. App. 4th 714, 721 (2008).

As for EBMUD's decision not to hire Bland in 2018, the Court will permit testimony on that topic in support of Pierce's retaliation claim but will not allow Bland to seek damages based on that discrete event. See *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (explaining that "[d]iscrete acts such as . . . refusal to hire" cannot be treated as a continuing violation). Pierce's retaliation claim is timely and based on her internal complaints about EBMUD's decision not to hire Bland. Bland's failure-to-hire claims are time barred. *See* Dkt. 143 at 3–5 (addressing relevant statutes of limitations).

Bland argues that under *Johnson v. Lucent Technologies, Inc.*, 653 F.3d 1000, 1005–08 (9th Cir. 2011), her failure-to-hire claim under 42 U.S.C. § 1983 is timely. *Johnson* addressed claims under 42 U.S.C. § 1981, not under § 1983. Bland's § 1983 claim is governed by a two-year limitations period, not the four-year period discussed in *Johnson*. *See Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017) ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions. California has a two-year statute of limitations for personal injury actions.") (simplified).

Also, even if Bland had raised a failure-to-hire claim under § 1981, that claim wouldn't be subject to a four-year limitations period. The four-year period applies to § 1981 retaliation claims, not to § 1981 failure-to-hire claims. *See Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 n.2 (9th Cir. 2008) ("Section 1981 was amended in 1990 to include a four-year limitations period for certain actions; however, this period does not apply to those actions which were cognizable under the pre–1990 version, such as plaintiffs' failure to hire claim.").

Bland's failure-to-hire claims are time barred, and Bland hasn't met her burden to prove that equitable tolling applies. She didn't raise equitable tolling in her opposition to defendants' motion in limine. *See* Dkt. 143 at 9–14. And she hasn't put forward "facts showing [her] due diligence in trying to uncover the facts" that give rise to her failure-to-hire claims. *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993).

*MIL No. 2*: The Court denies defendants' motion to exclude as evidence Spencer's statements to the EBMUD internal investigator. Defendants haven't persuaded the Court that those statements are privileged under California Civil Code section 47(b)(3). Section 47(b)(3) would apply if the statements were made in an "official proceeding." *Id.* The Court isn't convinced that EBMUD's internal investigation of Pierce's discrimination complaints was such an "official proceeding." A standard workplace-discrimination investigation isn't an official proceeding, even if the employer is a publicly owned utility company, like EBMUD.

*MIL No. 3*: The Court denies defendants' motion to exclude all evidence of Zaneta Seidel's "unconscious bias" finding. EBMUD retained Seidel to investigate Bland's allegations that Spencer had treated her less favorably than he treated Anna Gunderson. Seidel issued a report in which she concluded that "Spencer was less attentive to Bland in terms of his supervision and welcoming of her on his team than he was with Gunderson, and that Spencer's unconscious racial bias was a motivating factor." Dkt. 156 at 43.

Defendants haven't suggested that Seidel's report, on the whole, is irrelevant. But defendants maintain that Seidel's "unconscious bias" finding is irrelevant to whether Spencer engaged in intentional discrimination. Defendants are free to make that argument to the jury (i.e., that "unconscious bias" isn't the same as intentional discrimination), but the Court won't allow defendants to "selectively parse out" certain findings from Seidel's report. Dkt. 145 at 9. The report, and testimony about the report, can be offered as evidence.

*MIL No. 4*: The Court partially grants defendants' motion to exclude the testimony of D. Jan Duffy, plaintiffs' expert on "Management or HR practice." Dkt. 156 at 55. Duffy may opine on whether EBMUD adequately investigated and responded to Pierce's and Bland's internal complaints. But Duffy cannot opine on whether EBMUD's policies and practices were adequate to prevent and correct discrimination and retaliation *in general*.

How EBMUD responded to Pierce's and Bland's complaints is relevant, and Duffy's testimony on that topic is likely to "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. P. 702(a). Duffy's proffered testimony also "rests on a

4

reliable foundation and is relevant to the task at hand." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014) (simplified).

Conversely, EBMUD's HR policies and practices at large have limited relevance, and that limited relevance would be substantially outweighed by the dangers of confusing the issues, misleading the jury, and undue delay. The jury needs to focus on how the defendants treated Pierce and Bland, not on EBMUD's HR policies and practices in the abstract. Expert testimony on those policies and practices would bog down proceedings and wouldn't "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. P. 702(a).

*MIL No. 5*: The Court grants defendants' motion to bifurcate the punitive damages phase of trial. The Court agrees with defendants that bifurcation will "allow the jury to concentrate on the issue of liability, without being swayed by evidence of [d]efendants' wealth, which is not relevant to [p]laintiffs' underlying causes of action." Dkt. 150 at 4.

**IT IS SO ORDERED.**

Dated: May 23, 2023

Alex G. Tse
United States Magistrate Judge