UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAJI PIERCE, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>EAST BAY MUNICIPAL UTILITY DISTRICT, et al.,<br><br>    Defendants. | Case No. 21-cv-04325-AGT<br><br>**ORDER ON DEFENDANTS' MOTIONS FOR JUDGMENT AS A MATTER OF LAW, NEW TRIAL, OR REMITTITUR**<br><br>Re: Dkt. Nos. 276, 284[1] |

  The Court denies defendants' renewed motion for judgment as a matter of law on plaintiffs' retaliation-based claims. *See* Dkt. 284. As plaintiffs detail in their opposition to the motion, *see* dkt. 286 at 11–23, a reasonable jury had "a legally sufficient evidentiary basis" to find for plaintiffs on the elements of their retaliation-based claims. *Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017) (quoting Fed. R. Civ. P. 50(a)(1)).

  The Court denies defendants' motion for a new trial. *See* Dkt. 284. The jury's retaliation verdicts were not "contrary to the clear weight of the evidence." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting another source). There was no "miscarriage of justice." *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 842 (9th Cir. 2014). And the damages awards, while substantial, were not "excessive." *Claiborne v. Blauser*, 934 F.3d 885, 894 (9th Cir. 2019) (quoting another source). As plaintiffs correctly

---

[1] Having read and considered the parties' papers, the Court has determined that a hearing on the pending motions is unnecessary.

explain in their opposition to the motion, *see* dkt. 286 at 23–29, the jury's damages awards were "properly rooted in the evidence at trial," *In re First Alliance Mortg. Co.*, 471 F.3d 977, 1002 (9th Cir. 2006), and were not "grossly excessive or monstrous," *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1040 (9th Cir. 2003) (quoting another source).

The Court denies without prejudice defendants' renewed motion for judgment as a matter of law on plaintiff Bland's race-discrimination claims. *See* Dkt. 276. The jury deadlocked on Bland's race-discrimination claims, *see* dkt. 250 at 2–3, and "Bland has agreed not to retry the deadlocked claims unless the jury's verdict in her favor is vacated on appeal." Dkt. 277 at 2. Rather than address now the merits of Bland's race-discrimination claims, which might never be retried, the Court will allow defendants to renew their motion for judgment as a matter of law if the jury's verdict in Bland's favor is vacated on appeal.

**IT IS SO ORDERED.**

Dated: January 31, 2024

Alex G. Tse
United States Magistrate Judge